Nicholas J. Neidzwski, ABA No. 1805040
BOATLAW, LLP
23 Bellwether Way, Suite 101
Bellingham, WA 98225
Telephone: (360) 671-6711
Fax: (360) 647-2943
Email: nick@boatlaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| SHANNON AMERSON,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA CATAMARAN, LLC,<br><br>Defendant. | **IN ADMIRALTY**<br><br>Case No.:<br><br>**SEAMAN'S COMPLAINT FOR MARITIME PERSONAL INJURIES, MAINTENANCE AND CURE** |

Plaintiff Shannon Amerson ("Plaintiff"), by and through the undersigned counsel, alleges as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff is a seaman and brings this action pursuant to the provisions of 28 U.S.C. § 1916 without prepayment of fees and costs and without deposit of security

COMPLAINT
*Shannon Amerson v. Alaska Catamaran, LLC*
case no.:

therefore.

2. This Court has jurisdiction pursuant 28 U.S.C. § 1333. This is an admiralty and maritime case within the meaning of Federal Rule of Civil Procedure 9(h). Plaintiff elects to try her case on the admiralty side of this District Court.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the subject accident and injuries to Plaintiff took place in Alaska.

4. At all material times hereto, defendant Alaska Catamaran, LLC ("Alaska Catamaran" or "Defendant") was and is an Alaska limited liability company with its principal place of business in Alaska.

5. At all material times hereto, P/S CHICHAGOF DREAM, official number 8883563 ("CHICHAGOF DREAM" or "Vessel"), was and is a passenger ship operating upon the navigable waters of Alaska, the United States and the high seas.

6. At all material times hereto, Alaska Catamaran owned the CHICHAGOF DREAM.

7. At all material times hereto, defendant Alaska Catamaran operated, maintained, managed and controlled the CHICHAGOF DREAM.

8. At all material times hereto, defendant employed Plaintiff as a Jones Act seaman in the service of the CHICHAGOF DREAM. Defendant hired Plaintiff to work as the Vessel's Chef for the 2023 summer tourism season. She joined the vessel around March 2023. Within five weeks, she was promoted.

9. On or about May 20, 2023, Plaintiff slipped and fell on black ice in the CHICHAGOF DREAM's galley walk-in commercial cooler, suffering grievous injuries to, *inter alia*, her knees, hip and back.

## FIRST CLAIM: JONES ACT NEGLIGENCE

10. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 9 set forth above.

11. Plaintiff alleges upon information and belief, that on or about May 20, 2023, Plaintiff was in the service of the CHICHAGOF DREAM while the Vessel was afloat on navigable waters.

12. On or about May 20, 2023, while Plaintiff was engaged in the course of her duties in the service of the CHICHAGOF DREAM, Defendant was negligent, as were the officers, agents, employees and all persons acting on its behalf, among other things, in:

    a. Causing, allowing, and permitting the Vessel and her appurtenances to be operated in such a manner as to unreasonably endanger Plaintiff's safety;

    b. Causing, allowing, and permitting the Vessel and its walk-in cooler to be in a dangerous, defective and hazardous condition from ice accumulation;

    c. Failing to warn Plaintiff of impending dangers, including the unreasonably slick walking surface in the cooler;

    d. Failing to provide a seaworthy vessel and appurtenances, and a safe method of operation;

    e. Failing to provide Plaintiff with a safe place in which to work;

    f. Failing to promulgate and enforce proper and safe rules of seamanship in the supervision and conduct of the work;

BOATLAW, LLP
23 Bellwether Way, Suite 101
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

BOATLAW, LLP
23 Bellwether Way, Suite 101
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

g. Failing to provide sufficient and competent officers and co-employees;

h. Failing to provide prompt and adequate medical treatment;

i. Failing to supply proper gear and equipment, and to maintain the same in proper order;

j. Failing to inspect Plaintiff's work areas for hidden slip and fall hazards;

k. Making, approving, and/or accepting negligent repairs to the Vessel's walk-in cooler;

l. Overloading the walk-in freezer with stores from other vessels in the fleet; and

otherwise acting so negligently as to cause injury to, *inter alia*, Plaintiff's knees, hip and back when she slipped and fell on black ice in the galley walk-in cooler.

13. As a result of said conduct, Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her left knee and hip. Said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering, and said injuries have resulted in permanent disability and disfigurement to Plaintiff, all to her general damage according to proof.

14. As a further result of said conduct, Plaintiff was required to and did employ physicians and other health care providers for medical examination, care and treatment of said injuries, including a total knee replacement surgery, and Plaintiff alleges that she will require such services in the future. The cost and reasonable value of the health care services received and to be received by Plaintiff is presently unknown to her, and Plaintiff prays leave to insert the elements of damages in this respect when the same are finally determined.

COMPLAINT
*Shannon Amerson v. Alaska Catamaran, LLC*
case no.:
Case 3:24-cv-00128-SLG-MMS   Document 1   Filed 06/18/24   Page 4 of 8

PAGE - 4 OF 8

15. As a further direct and proximate result of Defendant's negligence, Plaintiff has suffered and will continue in the future to suffer loss of income in a presently unascertained sum, and Plaintiff prays for leave to insert the elements of damage in this respect when the same are finally determined.

## SECOND CLAIM: UNSEAWORTHINESS

16. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 15 set forth above.

17. On or about May 20, 2023, while Plaintiff was engaged in the course of her duties in the service of the CHICHAGOF DREAM, the Vessel was unseaworthy in that, among other things:

    a. The Vessel and her appurtenances were being operated in such a manner as to unreasonably endanger Plaintiff's safety;

    b. The Vessel and her galley walk-in cooler were in a dangerous, defective and hazardous condition from latent ice accumulation;

    c. The place where Plaintiff was required to work was unreasonably slick and unsafe to perform her galley duties;

    d. Sufficient and competent officers and co-employees were lacking;

    e. Sufficient gear and equipment, including the walk-in cooler, in proper working order were lacking;

    f. Work in progress and preceding the accident was being conducted by unsafe methods without sufficient and properly trained personnel and without adequate supervision; and

the Vessel was otherwise so unseaworthy as to cause injury to, *inter alia*, Plaintiff's knees, hip and back when she slipped and fell on black ice in the galley walk-in cooler.

# THIRD CLAIM:
# MAINTENANCE, CURE AND UNEARNED WAGES

18. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 17 set forth above.

19. On about May 20, 2023, Plaintiff was grievously injured in the service of the CHICHAGOF DREAM. She reported knee and hip injuries to Defendant and medical providers.

20. Upon Plaintiff's becoming injured and disabled as aforesaid, it became the duty of the Defendant to pay to Plaintiff the expenses of her maintenance and cure, as well as her wages to the end of the summer tourism season.

21. Defendant unreasonably neglected and then willfully and wantonly disregarded said duty, despite knowledge of Plaintiff's continuing disability from her knee, hip and back injuries. Defendant capriciously refused to authorize and pay for the curative medical treatment for Plaintiff's knee, hip and back injuries recommended by Plaintiff's health care providers. Defendant prematurely terminated Plaintiff's maintenance and cure benefits when curative treatment had been recommended for her shipboard injuries.

22. Plaintiff is entitled to maintenance and cure retroactively to the date of termination and on a continuing basis until such time as she reaches maximum medical cure. Plaintiff's shipboard injuries required, and in the future will require, medical care.

COMPLAINT
*Shannon Amerson v. Alaska Catamaran, LLC*
case no.:
Case 3:24-cv-00128-SLG-MMS   Document 1   Filed 06/18/24   Page 6 of 8

PAGE - 6 OF 8

BOATLAW, LLP
23 Bellwether Way, Suite 101
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

23. By reason of the premises, Plaintiff has been damaged in sums according to proof for past and future maintenance, cure and unearned wages, the precise amounts of which are presently unascertained, and Plaintiff prays leave to insert the elements of damages in this respect when the same are finally determined.

24. As a direct consequence of Defendant's willful and wanton disregard of its maintenance and cure obligation, Plaintiff unnecessarily suffered and continues to suffer ongoing symptoms and additional compensatory damages.

25. By reason of the premises, Plaintiff has been damaged in sums according to proof for maintenance, cure and unearned wages, the precise amounts of which are presently unascertained, and Plaintiff prays for leave to insert the elements of damages in this respect when the same are finally determined.

26. By reason of Defendant's unreasonable neglect and willful and capricious disregard of its maintenance and cure obligation, Plaintiff was obliged to engage the services of counsel and has incurred and will continue to incur attorneys' fees and expenses for which Plaintiff is entitled to recover.

27. Defendant's willful and wanton disregard of its maintenance and cure obligation also entitles Plaintiff to an award of punitive damages. Plaintiff prays for leave to amend at trial to conform to the proof.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

a. For her general damages according to proof;

b. For all expenses for health care providers according to proof;

c. For all loss of income past and future according to proof;

**BOATLAW, LLP**
23 Bellwether Way, Suite 101
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

d. For maintenance, cure and unearned wages according to proof;

e. For reasonable attorneys' fees and expenses;

f. For punitive damages according to general maritime law;

g. For prejudgment interest according to general maritime law;

h. For Plaintiff's costs of suit incurred herein; and

i. For such other and further relief as this District Court deems just and fair.

DATED this 18th day of June, 2024.

                BOATLAW, LLP

                */s/ Nicholas J. Neidzwski*_____
                Nicholas J. Neidzwski, ABA No. 1805040
                Attorneys for Plaintiff

**BOATLAW, LLP**
23 Bellwether Way, Suite 101
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943